**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JAMES R. SEFRIED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 08-2243-CM-GLR |
| JOHN C. METZGER, O.D., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant's Motion to Compel (doc. 31). Defendant requests that the Court enter an Order, pursuant to Fed. R. Civ. P. 37, to compel Plaintiff to provide full and complete answers to his First Interrogatories. In his supporting memorandum Defendant specifically refers to Interrogatories 6, 7, 8, 9, and 24. For the reasons set forth below, the Court sustains the motion as to Interrogatory Nos. 7 and 8. It denies the motion as moot as to Interrogatory Nos. 6, 9, and 24.

**I.    Background**

Plaintiff seeks damages for the alleged negligence of Defendant in examining and treating his left eye. On August 15, 2008, Defendant served First Interrogatories on Plaintiff. On September 19, 2008, Plaintiff served his Answers to the First Interrogatories. Defendant sent correspondence to Plaintiff on September 29, 2008 and October 3, 2008, describing deficiencies in the responses. The parties then conferred. Plaintiff agreed to provide supplemental responses. On October 28, 2008, he did so. Defendant filed the instant motion on November 18, 2008. At a status conference on December 4, 2008, by agreement of the parties the Court extended to December 9, 2008, the time

for Plaintiff to serve additional, supplemental answers to these five interrogatories. Plaintiff served his Second Set of Supplemental Answers to Interrogatories on December 9, 2008. Defendant argues that Plaintiff has nevertheless not adequately responded to First Interrogatory Nos. 7 and 8.

## II.     Interrogatories at issue

The reply memorandum (doc. 48) of Defendant refers to additional supplemental answers it received on December 11, 2008. Defendant contends that the supplemental answers remain incomplete as to Interrogatory Nos. 7 and 8 and asks the Court to order Plaintiff to provide additional responses as to those two interrogatories. The Court infers from the argument that the motion is, therefore, moot as to Interrogatory Nos. 6, 9, and 24. It will consider the motion with respect to First Interrogatory Nos. 7 and 8.

### A.     First Interrogatory No. 7

Defendant's Interrogatory No. 7 asks Plaintiff:

> For your claim that you will be required to expend money for medical treatment in the future set forth in your Complaint, please state what medical treatment you will need in the future, the related costs of the treatment and the name and complete address of the healthcare provider who has advised you such medical treatment will be needed or necessary.

In his initial answer Plaintiff directed Defendant to "[s]ee attached medical records from Larry Wood, O.D. from Eye Surgical Associates" and further stated, "[t]his Interrogatory will be supplemented." Plaintiff states in his first supplemental answer that, "[a]t this time, it is believed Plaintiff will require follow-up treatment with his ophthalmologist Larry Wood, O.D." His second supplemental response states: "At this time, it is uncertain what specific future medical treatment Plaintiff will require, if any. Also, at this time it is unknown what medical costs Plaintiff will incur in the future, if any."

2

Fed. R. Civ. P. 33(b)(3) requires that, to the extent it is not objected to, each interrogatory be answered separately and fully. Defendant argues that Plaintiff has not provided the name and complete address of the healthcare provider who advised him that future medical treatment would be necessary. He asserts that he is entitled to know if a healthcare provider told Plaintiff he will, in fact, need future medical treatment. Plaintiff does not provide a specific argument for why his response is sufficient. He simply states he has answered each interrogatory fully.

The Court agrees with Defendant. Plaintiff has provided no address for Dr. Wood. Plaintiff has also failed to reasonably specify the nature of future treatment that his ophthalmologist anticipates. Plaintiff has instead said he believes follow-up treatment will be necessary, but is uncertain what it will be and what costs he will incur. "Follow-up treatment" describes virtually nothing of consequence. If Plaintiff intends to offer evidence at trial that he will require medical treatment in the future and to claim the cost of such treatment, he has a duty to provide that information specifically in answer to an interrogatory. Accordingly, Plaintiff shall serve a supplemental answer that fully responds to Defendant's Interrogatory No. 7. It shall state specifically what medical treatment he will need, the related costs of it, and the complete address of the ophthalmologist he has identified.

### B. First Interrogatory No. 8

Defendant's Interrogatory No. 8 asks Plaintiff to "[i]temize all damages you claim, other than lost earnings, including, but not limited to, doctor bills, hospital bills, prescriptions/drugs and other specials damages and indicate whether there has been any assignment, loan receipt or subrogation receipt signed by you or anyone acting on your behalf." In his initial response Plaintiff simply said, "See attached Specials Summary and copies of medical bills and EOB's." His first supplemental

response says, "Plaintiff is in the process of gathering prescription records and will supplement this Interrogatory upon receipt of same." His second supplemental response states, "Plaintiff has not received notice from his health insurance carrier Blue Cross Blue Shield or Medicare regarding any subrogation. In addition, Plaintiff incurred out of pocket expenses for prescriptions. As of today, Plaintiff is still waiting for prescription records and would forward them upon receipt of same."

Similar to Interrogatory No. 7, Plaintiff has not provided a specific argument explaining why his answer to Interrogatory No. 8 is sufficient. He has simply stated that his answer fulfills Fed. R. Civ. P. 33(b)(3). Defendant argues that the supplemental answers to Interrogatory No. 8 remain inadequate for failure to address the inquiry as to "other special damages." The Court agrees. It does not find the "attached Specials Summary and copies of medical bills and EOB's." It cannot determine whether or not they suffice to answer the interrogatory. The Court, therefore, directs Plaintiff to respond fully to Interrogatory 8.

Defendant contends that the answer to Interrogatory No. 8 is further inadequate for failure to indicate whether there has been any assignment, loan receipt or subrogation receipt signed by Plaintiff or anyone acting on his behalf. The Court agrees with Defendant that Plaintiff has not fully answered the interrogatory. He should answer whether he, or anyone acting on his behalf, has signed any of the enumerated documents. Plaintiff shall serve a supplemental answer that fully responds to Defendant's Interrogatory No. 8.

**IT IS THEREFORE ORDERED THAT** Defendant's Motion to Compel (doc. 31) is sustained in part and otherwise denied as moot. **Within 10 days of the date of this Order** Plaintiff shall serve supplemental answers that fully and completely respond to Defendant's First Interrogatory Nos. 7 and 8 in accordance with Fed. R. Civ. P. 33(b)(3).


Dated in Kansas City, Kansas on this 15th day of January, 2009.

                    s/ Gerald L. Rushfelt
                    Gerald L. Rushfelt
                    United States Magistrate Judge