**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JAMES R. SEFRIED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 08-2243-CM-GLR |
| JOHN C. METZGER, O.D., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

The Court has before it two motions: Defendant's Motion to Strike Plaintiff's Designated Expert Dr. Teitelbaum and Motion to Limit Testimony From Plaintiff's Designated Expert and Treating Physician Dr. Wood (doc. 34); and Plaintiff's Motion for Enlargement of Time to File Rule 26 Reports (doc. 37). In the earlier motion Defendant requests, pursuant to Fed. R. Civ. P. 37, that the Court strike the expert designation of Dr. Teitelbaum and bar all opinions and testimony from him for the alleged failure of Plaintiff to timely provide written reports, as required by Fed. R. Civ. P. 26(a)(2)(B). Defendant further asks the Court to limit any testimony of Dr. Wood to the proper subject matters upon which a treating physician can testify. In the latter motion, Plaintiff asks for an enlargement of time until January 15, 2009, within which to file the reports for both Drs. Teitelbaum and Wood as expert witnesses.

**I.    Background**

Plaintiff seeks damages for the alleged negligence of Defendant in examining and treating his left eye. On October 3, 2008, the Court entered a Scheduling Order. It provides that expert

witness disclosures, as required by Fed. R. Civ. P. 26(a)(2), be served by Plaintiff by November 1, 2008, and by Defendant by January 20, 2009.[1]

On September 19, 2008, Plaintiff served his Initial Rule 26(a)(2) Disclosures on Defendant.[2] They identified Larry Wood, O.D. and Bruce Teitelbaum, O.D.  On October 28, 2008, Plaintiff served his Supplemental Answers to Interrogatories.[3]  Defendant's Interrogatory No. 17 asked Plaintiff to identify each person he expected to call as an expert witness at trial and the information required by Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi).  His answer to Interrogatory No. 17 identified Larry Wood, O.D. and Bruce Teitelbaum, O.D.  The answer further provided that:

> Dr. Wood is expected to testify regarding Plaintiff's injuries, pain, suffering, disability and permanence and the cause, nature and extent of Plaintiff's injuries and the medical care and treatment he rendered to Plaintiff for those injuries and the care, treatment, pain and suffering and disability likely to occur in the future and the costs of all past and future medical care.
>
> \*       \*       \*
>
> Dr. Teitelbaum is expected to testify within a reasonable degree of medical certainty regarding the standard of care of Plaintiff's injuries, pain, suffering, disability and permanence and the cause, nature and extent of Plaintiff's injuries and the medical care and treatment he rendered to Plaintiff for those injuries and the care, treatment, pain and suffering and disability likely to occur in the future and the costs of all past and future medical care.[4]

Plaintiff's supplemental answer to Interrogatory 17 states:

> Dr. Teitelbaum is expected to testify within a reasonable degree of medical certainty regarding the standard of care and causation.  Also, it is expected he will testify regarding Plaintiff's injuries, pain, suffering, disability and permanence and the

---

[1] *See* Oct. 3, 2008 Scheduling Order (doc. 20) at ¶ 2h.

[2] *See* Certificate of Service (doc. 15).

[3] *See* Certificate of Service (doc. 26).

[4] Ex. A to Def.'s Memo. in Support (doc. 35).

cause, nature and extent of Plaintiff's injuries and the care, treatment, pain and suffering and disability likely to occur in the future and the costs of all past and future medical care.[5]

After Plaintiff failed to serve his disclosures of expert witnesses by the deadline of November 1, 2008, defense counsel called the office of Plaintiff's attorney. Receiving no response, defense counsel sent him a letter, dated November 7, 2008, advising Plaintiff that he had missed his deadline for serving his Rule 26(a)(2)(B) expert disclosures. Defense counsel then sent another letter, dated November 12, 2008. It again requested that Plaintiff provide the required disclosures and reports from Drs. Wood and Teitelbaum.

Defendant then filed his instant motion on November 18, 2008. Plaintiff filed an opposing response along with his own Motion for Enlargement of Time to File Rule 26 Reports (doc. 37) on November 26, 2008. This motion requests an extension, until January 15, 2009, to serve his expert witness disclosures. Defendant opposes the motion for enlargement of time upon grounds it is untimely and should have been filed before the deadline of November 1, 2008. Defendant contends Plaintiff has not shown excusable neglect to justify the requested extension.

Plaintiff filed his motion for an enlargement of time after the deadline had passed. The Court may for good cause extend the time, if Plaintiff "failed to act because of excusable neglect."[6] "Excusable neglect" is an "elastic concept"[7] and the court considers "all relevant circumstances surrounding the party's omission."[8] Four specific factors that courts frequently consider are: (1)

---

[5] *Id.*

[6] Fed. R. Civ. P. 6(b)(1)(B).

[7] *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 391 (1993).

[8] *Id.* at 395.

3

the danger of prejudice to the other side; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.[9]  "[F]ault in the delay remains a very important factor - perhaps the most important single factor - in determining whether neglect is excusable."[10]

Plaintiff argues that, prior to the deadline in the Scheduling Order, he disclosed the names of both of his designated expert witnesses and provided their *curricula vitae*.  He further explains he has made several attempts to contact Dr. Teitelbaum to obtain the necessary report.  He states the doctor has not responded to these attempts.  Plaintiff states that he will elicit testimony by Dr. Wood as a treating physician.  Plaintiff understands that, if he is to present expert testimony by Dr. Wood, he must provide a report as required by Rule 26.  So he asks the Court to enlarge the time in which to serve his expert disclosures for both doctors.

The Court finds no appreciable risk of prejudice to Defendant in allowing Plaintiff an extension of time to serve his expert disclosures and reports.  The trial setting remains over ten months away.  The Court can allow additional time to comply with Rule 26(a)(2)(B), without disrupting the trial setting.  Plaintiff has explained the delay in providing the disclosures and reports as due to a lack of response from the doctors.  The Court notes, moreover, that on December 11, 2008, and January 14, 2009, Plaintiff filed certificates of service for Rule 26(a)(2) disclosures

---

[9] *Id.*

[10] *City of Chanute, Kan. v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir.1994), *cert. denied*, 513 U.S. 1191 (1995).

respectively as to Drs. Teitelbaum and Wood.[11]   Rather than strike the designations of the doctors as expert witnesses, the Court will grant Plaintiff's Motion for Enlargement of Time.  It will deem the designations certified on December 11, 2008, and January 14, 2009, to be timely and thus sustain the motion of Plaintiff for additional time.

The Court notes that on December 23, 2008, it also granted Defendant eleven days from the instant ruling within which to object to the affidavit of Dr. Teitelbaum.  It further notes that Defendant has filed his own Motion to Extend Deadline to Identify Experts (doc. 50).  That motion remains pending his reply memorandum, if any.

IT IS THEREFORE ORDERED THAT Defendant's Motion to Strike Plaintiff's Designated Expert Dr. Teitelbaum and Motion to Limit Testimony From Plaintiff's Designated Expert and Treating Physician Dr. Wood (doc. 34) is denied.

IT IS FURTHER ORDERED THAT Plaintiff's Motion for Enlargement of Time to File Rule 26 Reports (doc. 37) is sustained.

Dated in Kansas City, Kansas on this 21st day of January, 2009.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge

---

[11] *See* Plaintiff's Certificate of Service of Rule 26(a)(2) Affidavit of Expert Bruce Teitelbaum, O.D. (doc. 43) and Certificate of Service of Rule 26(a)(2) Affidavit of Larry W. Wood, M.D. (doc. 51).